UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

      Plaintiff,

Case No. 1:03-CR-238

v.

Hon. Richard Alan Enslen

CHARLES ALPHEUS HARPER, JR.,

**OPINION**

      Defendant.
_____/

Before this Court is Defendant Charles Alpheus Harper, Jr.'s Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Plaintiff United States of America has opposed the Motion and Defendant has filed a timely reply. Both an evidentiary hearing and oral argument are unnecessary in light of the issues raised and the pertinent record.[1]

**BACKGROUND**

Defendant was indicted on four counts on October 7, 2003. Following Indictment, he pled guilty to the Count One offense of attempted manufacture of methcathinone in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846 on December 3, 2003. Defendant did so as part of a plea agreement, which led to the dismissal of the other charges. (Dkt. No. 13.) Defendant's plea agreement also called for Plaintiff to evaluate Defendant's cooperation with the authorities under section 5K1.1 of the United States Sentencing Guideline Manual and in Plaintiff's "sole discretion" to determine

---

[1]This Court wishes to commend Defendant on a fine section 2255 motion. This Court cannot grant relief on the present record, but wishes to compliment Defendant. Should Defendant exercise the same degree of effort in his rehabilitation and later honest work, his future will be assured.

whether to move for relief premised on substantial assistance. (*Id.*, ¶ 8.) Plaintiff has not moved for relief under either Federal Rule of Criminal Procedure 35(b) or section 5K1.1.

Defendant was sentenced on March 3, 2004 to a term of 151 months. Because this sentence was imposed before the United States Supreme Court decision in *United States v. Booker*, – U.S. –, 125 S. Ct. 738 (Jan. 12, 2005), the Sentencing Guidelines were treated as mandatory. The guideline scoring (total offense level 29, criminal history category VI) resulted in a guideline range of 151 to 188 months. Defendant was sentenced to the minimum guideline sentence of 151 months. Defendant did not appeal his sentence.[2]

Defendant filed the instant section 2255 motion by prison mailing on or about March 1, 2005 (the date of the motion). Under the rule in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), Defendant's filing of the Motion was timely and made before the expiration of the pertinent one-year limitation period.

Defendant has raised several issues in his section 2255 motion. However, in his reply, he waives all issues save two: (1) whether trial counsel was ineffective under the Sixth Amendment in not arguing that the United States breached its plea agreement when it failed to file a substantial assistance motion; and (2) whether trial counsel was ineffective under the Sixth Amendment for failing to argue that the definition of a "crime of violence" under § 4B1.2 was void for vagueness as it pertains to his 1990 "non-violent" escape from prison conviction.[3] (Traverse at 1.)

---

[2]Because Defendant's sentence became final before *Booker*, the Court cannot grant relief premised on *Booker*. *See Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005).

[3]*See* Pre-Sentence Investigation Report, ¶ 60.

**LEGAL STANDARDS**

The Sixth Circuit Court of Appeals' decision in *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) summarized the basic legal standards for relief under section 2255 as follows:

> To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-638, 113 S. Ct. 1710, 1721-1722, 123 L.Ed.2d 353 (1993). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

*Id*. Technical violations of the sentencing guidelines do not warrant relief under the statute. *See Grant v. United States*, 72 F.3d 503, 505-06 (6th Cir. 1996) (holding that a guideline calculation dispute was not a "constitutional error" warranting relief under section 2255).

Furthermore, relief under section 2255 is not intended to do service for an appeal. *United States v. Timmreck*, 441 U.S. 780, 784 (1979). A movant must ordinarily show "cause" for failure to raise the issue on direct appeal and "actual prejudice" resulting from the error. *Murr v. United States*, 200 F.3d 895, 900 (6th Cir. 2000) (citing *United States v. Frady*, 456 U.S. 152, 164-67 (1982)). *See also Maupin v. Smith*, 785 F.3d 139 (6th Cir. 1986); *Gonzales v. Elo*, 233 F.3d 348, 353 (6th Cir. 2000); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

Under certain circumstances, constitutionally ineffective assistance of counsel may constitute both a violation of Defendant's Sixth Amendment rights and "cause" for the failure to raise issues on direct appeal. The United States Supreme Court's bell-weather decision on effective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, to establish ineffective assistance of counsel, the movant must show both that counsel's performance was

3

deficient and that the deficient performance prejudiced the defense. *Id.* at 687. In gauging counsel's performance, the Supreme Court emphasized that,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to secondguess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Id.* at 689 (citations omitted). In determining prejudice, the courts are to determine whether, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

### **LEGAL ANALYSIS**

Defendant's two arguments do not warrant relief because neither "cause" nor "prejudice" has been shown. Starting with the plea agreement, this kind of plea agreement, which asserts an amorphous promise to use good faith, are not readily enforceable under Sixth Circuit law. The Sixth Circuit has said and held in such cases as *United States v. Moore*, 225 F.3d 637, 641 (6th Cir. 2000); *United States v. Hawkins*, 274 F.3d 420, 428 (6th Cir. 2001); *United States v.* Luske, 286 F.3d 906, 910-11 (6th Cir. 2001), that substantial assistance agreements which afford discretion to the Government in determining whether to file a substantial assistance motion can only be reviewed for unconstitutional motives, and not as to whether or how the discretion is exercised. In this case, there

was no basis for challenging motives of the Government. It simply concluded that Defendant had not assisted in the prosecution of another person sufficiently to warrant a motion at that time.[4] (Sentencing Tr. at 6, 7 and 25.) The Sixth Circuit case law makes this kind of discretionary decision unreviewable. Accordingly, neither cause nor prejudice has been shown regarding the failure of counsel to assert this argument.

Defendant's second argument is more interesting. He argues that counsel should have challenged the operative guideline language of § 4B1.2 as void for vagueness pertaining to his prison escape conviction. Section 4B1.2 contains a two-part definition of a crime of violence. The first part of that definition is not applicable, but the second part is applicable. The second part defines a "crime of violence" as including such felony offenses as "burglary of a dwelling, arson, or extortion, . . . use of explosives, or [those which] otherwise involve[] conduct that presents a serious potential risk of physical injury to another." § 4B1.2(a)(2). Defendant asserts that the "otherwise clause" is void for vagueness because he cannot determine from this definition what crimes are included within the definition, including whether a non-violent prison escape is included.

While a "void for vagueness" argument is fairly original, it is not persuasive.[5] The Circuit Courts of Appeals have had no difficulty in distilling the statutory language. Each of them have said

---

[4]Defendant argues in his reply that the Government acknowledged some level of assistance and that he "has no idea why his proffered information led to no investigation." (Traverse at 3.) While it may not be fair to a criminal defendant, the making of such a plea agreement affords little remedy when later investigation is not conducted. By allowing the Government discretion to not investigate or otherwise pursue proffered tips, a criminal defendant is left to the caprice of the Government. Even if there was little or no reason for not pursuing the information, this does not amount to a showing of "an unconstitutional motive" warranting relief.

[5]The argument was raised before the District of Columbia Circuit in *United States v. Baskin*, 886 F.2d 383, 390 (D.C. Cir. 1989), but was not resolved.

that a prison escape is a "crime of violence" under the above language because it presents a serious potential risk of harm (*i.e.,* the flight and search for an escapee may result in injury to law enforcement and the public). *See United States v. Harris*, 162 F.3d 1062, 1068 (6th Cir. 1999) (citing cases).

One reason they have so interpreted the language as clearly applying to prison escape is the usual canons of construction. Here is how the United States Supreme Court has explained the pertinent canons of construction in an unrelated case:

> The statute, however, uses the term "other legal process" far more restrictively, for under the established interpretative canons of *noscitur a sociis* and *ejusdem generis,* "'[w]here general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words.'" *Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 114-115, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001); *see Gutierrez v. Ada,* 528 U.S. 250, 255, 120 S.Ct. 740, 145 L.Ed.2d 747 (2000) ( "[W]ords ... are known by their companions"); *Jarecki v. G.D. Searle & Co.,* 367 U.S. 303, 307, 81 S.Ct. 1579, 6 L.Ed.2d 859 (1961) ("The maxim *noscitur a sociis* . . . is often wisely applied where a word is capable of many meanings in order to avoid the giving of unintended breadth to the Acts of Congress").

*Washington State Dep't of Soc. &d Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 384-85 (2003). Those principles apply in this case. A prison escape is similar in character to a burglary. Both may be committed non-violently, but carry with them a serious potential risk of violence (*i.e.,* when the prison guards or home owners discover that something is afoot).

Finally, even apart from canons of construction, the guideline language is not "void for vagueness" because of the prior judicial constructions. Both the Sixth Circuit and the Supreme Court have said and held that judicial construction of statutory terms, unless novel, may prevent a due process/vagueness argument from arising as to broad statutory concepts. *United States v. Caseer*, 399 F.3d 828, 835 & 839 (6th Cir. 2005) (citing *United States v. Lanier*, 520 U.S. 259, 266-

6

67 (1997)). In this case, the proper construction of the statute was made in *Harris* prior to Defendant's current offense conduct. Thus, he was on fair notice that he was subject to treatment as a career offender at the time of his offense conduct.

As such, defense counsel rightly made neither argument, and Defendant has not shown "cause" and "prejudice" relating to his two arguments.

### CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to grant the issuance of a certificate of appealability to Defendant. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate is to be issued if the resolution of the petition is debatable among reasonable jurists or otherwise adequate to deserve encouragement. Upon review of the two remaining issues, the Court determines that this standard is not met as to the issues asserted because, in light of the case law and principles discussed, the positions maintained by Defendant are not reasonably debatable nor do they otherwise deserve encouragement on appeal.

### CONCLUSION

For the reasons given, a Final Order shall enter denying the section 2255 motion and denying a certificate of appealability as to all issues asserted.

DATED in Kalamazoo, MI:     /s/ Richard Alan Enslen
July 21, 2005                RICHARD ALAN ENSLEN
                             UNITED STATES DISTRICT JUDGE